IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIYU YANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3019-K-BN |
| | § | |
| GREGORY ROPER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Siyu Yang filed a *pro se* complaint against the University of Dallas ("UD"), which Yang admits is a private university, and UD administrators and students, seeking more than $67 million in damages based on his allegedly "unlawful suspension" from UD and "subsequent disenrollment from Reserve Officer Training Corps program" under theories including breach of contract and violation of the Fourteenth Amendment to the United States Constitution. Dkt. No. 4.

United States District Judge Ed Kinkeade referred Yang's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Although Yang paid the applicable filing fee, the undersigned questions whether there is subject matter jurisdiction.

And, given the circumstances of this case, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Yang notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (as further explained below) offers Yang an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

**Legal Standards**

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "[j]urisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (citation omitted).

And, because "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute,'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

Yang chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)); *Butler v. Dall. Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("Assertions that are conclusory are insufficient to support an attempt to establish subject-matter jurisdiction." (cleaned up)).

And, if the party invoking federal jurisdiction fails to establish it, the lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366

(5th Cir. 1995))).

This "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

And, in cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citation omitted). "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up). That is, "[t]he amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation. The amount is measured by the value of the object of the litigation."

*Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (cleaned up).

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). More specifically, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Greenberg*, 134 F.3d at 1253 (cleaned up).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))); *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("'The difference between *citizenship* and *residency* is a frequent source of confusion.' For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" (emphasis in original; citations omitted)).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively

alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). For example, "an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam) (citation omitted). And "a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

## Analysis

Yang alleges that there is federal subject matter jurisdiction under Section 1331, *see* Dkt. No. 4 at 18, primarily because UD is a state actor, *see, e.g.*, *id.* at 12 (UD "is a state actor since it is required to abide by Civil Rights Procedures and Title IX, both federal policies. UD, in this case, is acting under the color of the federal law. Any University cannot pick and choose which federal laws to follow and which ones to disregard. Therefore, due process should be afforded to the Plaintiff by the University according to both the law and its own Student Handbook." (footnote omitted)).

And, so, Yang would argue, he can bring a claim under federal law for UD's violating his constitutional right to due process under 42 U.S.C. § 1983, as such a claim requires two elements: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (quoting *Gomez v. Toledo*, 446 U.S. 635,

640 (1980)).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

And, where the Court's jurisdiction is grounded on Section 1983 and a plaintiff fails to demonstrate a violation of federal law under color of state law, they not only fail to allege a plausible claim under Section 1983 but also fail to establish subject matter jurisdiction under Section 1331. *See Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. The district court was required to dismiss the complaint." (citation omitted)).

And, because the United States Supreme Court has rejected the theories of state action that Yang advances in the complaint, he has not established that either UD or an individual associated with UD acted under color of state law. *See generally Rendell-Baker v. Kohn*, 457 U.S. 830 (1982); Blake Padget, *Process Has Come Due: An Argument for Creation of Due Process Rights for Private University Students*, 49 U. TOL. L. REV. 485 (2018) ("Private colleges and universities are not state actors. As such, they are not required to provide due process protections under the Fourteenth

Amendment." (citing *Rendell-Baker*, 457 U.S. at 838-43, 837)).

And the United States Court of Appeals for the Fifth Circuit recently applied *Rendell-Baker* to facts like Yang's,

> § 1983 imposes liability only on those who interfere with federal rights while acting under color of state law, meaning their allegedly wrong action is "fairly attributable to the State." *Rendell-Baker*, 457 U.S. at 838 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). On appeal, Ezeani argues Reagan acted under color of state law, even though she is president of a private university, because education is a traditional public function and Texas licensed Amberton University to operate as a private university. However, the Supreme Court has rejected similar arguments, holding a private high school did not act under color of state law simply by participating in the field of education because education is not "traditionally the exclusive prerogative of the State." *Id.* at 842 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). The Court also held the fact that the private school was subject to state regulations did not make the school a state actor because the challenged action was "not compelled or even influenced by any state regulation." *Id.* Ezeani's arguments fail for the same reasons here.

*Ezeani v. Reagan*, No. 23-10445, 2023 WL 5040980, at *1 (5th Cir. Aug. 8, 2023) (per curiam) (citation modified); *see also Ernest v. Univ. of Phoenix*, No. 08-CV-2363-H (POR), 2010 WL 11508435, at *4 (S.D. Cal. July 27, 2010) ("To the extent that Plaintiff alleges a procedural due process violation based on the University's failure to follow its own internal procedures, Plaintiff's claim fails. The University is a private institution, and there is no plausible nexus between the state and Defendant's actions so as to render the Defendant's conduct 'state action.'" (citation omitted)).

Next, Yang may also allege federal question subject matter jurisdiction based on (1) an alleged harm to the United States armed forces or (2) the alleged violation of a federal statute. *See, e.g.*, Dkt. No. 4 at 1 (alleging "[p]erceived damage to the reputation and image of the U.S. Army"); *id.* at 9-10 (similar); *id.* at 18 (citing 41

U.S.C. § 6503); *see also Madera v. Holguin*, No. 2:24-cv-01117-KWR-KRS, 2024 WL 4950130, at *1 (D.N.M. Dec. 3, 2024) ("Section 6503 applies to breaches of terms in contracts made by an agency of the United States for materials, supplies, articles, and equipment exceeding $10,000.").

But, to the extent that Yang filed this lawsuit to avenge an alleged harm against the U.S. Army, he has not shown that he has standing to bring a claim on behalf of the Army and thus show that such a claim provides for federal question subject matter jurisdiction. *See Hopkins v. Hosemann*, 76 F.4th 378, 392 (5th Cir. 2023) ("The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." (cleaned up)); *DC Operating, L.L.C. v. Paxton*, 100 F.4th 657, 659 (5th Cir. 2024) (A plaintiff's "failure to assert an Article III injury of its own [ ] forecloses its claims.").

Nor has Yang alleged that the federal statute he cites provides for a private right of action. *See Patterson v. Long Beach Mortg. Co.*, No. 3:07-cv-1602-O-BH, 2009 WL 4884151, at *3 (N.D. Tex. Dec. 15, 2009) ("When a private citizen relies on a federal statute as a basis for federal question jurisdiction, that statute must expressly or implicitly provide a private cause of action or else a federal court will not have subject matter jurisdiction to hear the dispute." (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986))); *Pfeister v. Action Prop. Mgmt., Inc.*, No. 21-cv-04473-RS, 2021 WL 5140151, at *2 n.3 (N.D. Cal. Nov. 4, 2021) ("Section 6503 sets out damages the federal government may recover from a contractor, rather than establishing a private right of action. Thus, Plaintiff's complaint does not claim a

right to recover under federal law.").

And, so, Yang also fails to show that federal subject matter jurisdiction exists based these allegations.

And, while Yang does not specifically allege it as a basis for the Court's subject matter jurisdiction, to be sure, a plaintiff who fails to include any allegations concerning the citizenships of the parties, as is the case in Yang's complaint, fails to establish diversity subject matter jurisdiction. *See, e.g.*, *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order) ("At the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party. (citation omitted)).

## Recommendation

The Court should dismiss this lawsuit for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE