IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIYU YANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3019-K-BN |
| | § | |
| GREGORY ROPER, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Siyu Yang filed a *pro se* complaint against the University of Dallas ("UD"), a private university, and UD administrators and students, seeking more than $67 million in damages based on his allegedly "unlawful suspension" from UD and "subsequent disenrollment from Reserve Officer Training Corps program" under theories including breach of contract and violation of the Fourteenth Amendment to the United States Constitution. Dkt. No. 4.

After providing notice and over Yang's objections, the Court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction on December 18, 2024, after finding (1) that Yang's asserted federal law violations were frivolous or insubstantial – considering that his theory that UD violated his constitutional rights was foreclosed by prior United States Supreme Court precedent and that the federal statute Yang claimed was violated does not provide for a private right of action – and (2) that the complaint lacked allegations that could established diversity subject-matter jurisdiction. *See* Dkt. Nos. 7 & 9-11; *see generally Copeland v. E*Trade Cap.*

*Mgmt., L.L.C.*, No. 24-10658, 2025 WL 66732 (5th Cir. Jan. 10, 2025) (per curiam).

Five days later, Yang filed an amended complaint, *see* Dkt. No. 12, and a Motion to Alter Judgment, citing Federal Rule of Civil Procedure 59(e), *see* Dkt. No. 13. He then noticed an appeal to the United States Court of Appeal for the Fifth Circuit. *See* Dkt. No. 14.

And, while the proposed amended complaint contains multiple claims that could not provide a jurisdictional basis for this dispute, it also includes a claim under the Americans with Disabilities Act ("ADA") and alleges facts in support of that claim. *See* Dkt. No. 12 at 15-16. And, so, if leave to amend was allowed, a more than insubstantial ADA claim could afford jurisdiction, *see, e.g.*, *Copeland*, 2025 WL 66732, at *2, and a basis to vacate the Court's judgment.

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under Rule 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a [Rule] 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

As to an amended complaint (or motion for leave to amend) filed after entry of judgment, its viability depends on a successful motion under Rule 59(e), because

"[p]ost-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (citations omitted); *see also Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) ("When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than under Fed. R. Civ. P. 15(a)." (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003))).

And, as to a notice of appeal filed after a Rule 59(e) motion, "Federal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177, 109 (1989). So a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (cleaned up); *accord Lawson v. Stephens*, 900 F.3d 715, 717-20 & n.3 (5th Cir. 2018) (explaining notice of appeal was "ineffective" because district court had never ruled on pending Rule 59(e) motion); FED. R. APP. P. 4(a)(4)(B)(i) (a notice of appeal filed before court disposes of various motions, including a Rule 59(e) motion, "becomes effective" only upon court's disposing of the pending motion); *cf. Wilmington Savs. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024) (per curiam) ("Successive motions under Rule 59(e), however, 'will not indefinitely toll the prescribed period for filing a notice of appeal,'" as "'[a] party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock.'" (citations omitted)).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins*

*v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

And a litigant "improperly invokes Rule 59(e) to rehash matters that have been thoroughly considered and rejected by the court." *Wardlow v. United States*, No. 4:04-CV-408, 2017 WL 4868229, at *5 (E.D. Tex. Oct. 26, 2017).

But, where the requested Rule 59(e) relief may be construed as an attempt to amend the complaint after entry of final judgment, the "analysis of a party's Fed. R. Civ. P. 59(e) motion 'should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a).'" *Allen*, 907 F.3d at 184 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. Nov. 1981)).

> In determining whether to allow a party to amend its complaint, "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The United States Supreme Court has listed several factors for a court to consider when it analyzes a party's motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).
>
> "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*; *but see Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. Unit A Sept. 1981) ("The strong preference for explicit reasons [for the district court's denial of the plaintiff's motion to amend] yields to the presence here of ample and obvious grounds for denying leave to amend; the district court could confidently have relied on any or all of them. The mere absence under these circumstances of articulated reasons for denial does not indicate an abuse of the court's discretion.").

*Allen*, 907 F.3d at 184-85.

The Court may not be well-positioned to judge Yang's motive.

But the ADA claim as alleged would not survive a challenge under Federal Rule of Civil Procedure 12(b)(6), and, so, amendment would be futile. *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." (citation omitted)).

That is because the futility analysis requires that the Court "ask whether, in his proposed amended complaint, [Yang] has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

And, so, here, the Court must ask whether Yang has alleged facts that could support a plausible ADA claim.

He has not for the following reasons, and, so, leave to amend – and therefore relief under Rule 59(e) – should be denied.

Yang alleges discrimination under the ADA based on his "alleged mental illness disability." Dkt. No. 12 at 5. But Yang fails to plead factual content to allow a reasonable inference that he has a qualifying disability under the Act.

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

> [But t]he Act is not a general protection of medically afflicted persons. It protects people who are discriminated against by their employer … either because they are in fact disabled or because their employer mistakenly believes them to be disabled. If the employer discriminates

against them on account of their being (or being believed by him to be) ill, even permanently ill, but not disabled, there is no violation.

*Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir. 1997) (citation omitted); *see also Carpenter v. Wal-Mart Stores, Inc.*, 614 F. Supp. 2d 745, 764 (W.D. La. 2008) ("A medical condition is not necessarily an impairment, and an impairment is not necessarily a substantial limitation on a major life activity so as to be a disability within the meaning of the ADA.").

And, so, "[t]he actual name of a disability is irrelevant; what matters is the effect of [a] disability on an individual's life." *Anderson v. L. Keeley Corp.*, No. 4:22 CV 710 JMB, 2022 WL 3585596, at *2 (E.D. Mo. Aug. 22, 2022) (citing *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999)).

And "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Significantly, "[t]he ADA Amendments Act of 2008 … provides, among other things, that the term 'substantially limits' is to be interpreted as broadly as possible.'" *Milteer v. Navarro Cnty., Tex.*, 652 F. Supp. 3d 754, 763 (N.D. Tex. 2023) (quoting 42 U.S.C. § 12102(4)(A)-(B)); *see also Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 478-81 (5th Cir. 2023) ("tak[ing] the opportunity to acknowledge, as our sister circuits have, that, following the ADAAA's passage, an impairment need not be 'permanent or long-term' to qualify as a disability").

But, even under the more lenient standards of the ADAAA, Yang's "legal

conclusion[s] couched as [ ] factual allegation[s]" that the Court need not "accept as true," *Iqbal*, 556 U.S. at 678, fail to raise a reasonable inference that he has a qualifying disability, such that he has alleged a plausible claim under the ADA.

## Recommendation

The Court should deny the Federal Rule of Civil Procedure 59(e) motion [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE